UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALLEN KELSO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00026-Z |
| | § | |
| REID'S APPLIANCE SERVICE, INC. | § | |
| And THE JIM AND SHARYN REID | § | |
| IRREVOCABLE TRUST | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT REID'S APPLIANCE SERVICE, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6), AND MOTION FOR MORE DEFINITE STATEMENT

COMES NOW Defendant Reid's Appliance Service, Inc. ("Defendant" or "Reid's") and files this Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6) and Motion for More Definite Statement and would show the Honorable Court as follows:

### INTRODUCTION

1. Plaintiff, Allen Kelso, ("Plaintiff or Kelso") filed his First Amended Complaint on or about April 26, 2022, alleging violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA") and its implementing regulations. Plaintiff's Complaint seeks injunctive relief, declaratory relief, and attorney's fees. Defendant was served with a copy of the Summons and First Amended Complaint on or about May 2022.

2. Defendant seeks dismissal of the claims asserted against it by Kelso for two reasons. First, Kelso lacks standing to bring this case as he has failed to establish that he suffered an injury in fact. Second, even if Kelso had standing, Kelso's claims are moot as the remedy he

Defendant's Motion to Dismiss
Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
And Motion for More Definite Statement
(Kelso v. Reid's Appliance)
Page | 1

seeks in the Complaint has been completed or is in the process of being completed and further Defendant is not the owner or lessee of the subject property, having been evicted from the property.

3. If the Court declines to dismiss Kelso's claims, in the alternative, Defendant requests that Kelso be ordered to amend his Complaint to address vague and confusing allegations in his Complaint so that Defendant may prepare a proper response.

## BACKGROUND

4. Kelso is a serial litigant who has filed approximately fifteen (15) nearly identical lawsuits in the United States District Court for the Northern District of Texas. In each suit, Kelso alleges that various businesses do not have sufficient and/or appropriate handicapped parking spaces and/or signage.[1] Kelso also alleges that he is disabled, that he traveled to a defendant's business, encountered non-compliant accessible parking spaces, access ramps and/or signs, primarily to van-accessible spaces, that he experienced "depression and discomfort" and that he intends to return to the defendant's business. Kelso claims that as a result, he is entitled to injunctive relief, declaratory relief, and attorney's fees from each of the alleged wrongdoers.

5. Kelso's Complaint is devoid of any details regarding Kelso's actual injury-in-fact, his place of residence, the time of day that he allegedly visited REID'S APPLIANCE SERVICE, INC., or a specific intent for his visit to REID'S APPLIANCE SERVICE, INC. Instead, the alleged ADA violations Kelso complains of are unclear, non-specific, and appear to be

---

[1] *See* Kelso v. Morgan, 2:21-cv-00173 (N.D. Tex. 09.01.21); Kelso v. Yummy Enterprises, LLC, 2:21-cv-00186 (N.D. Tex. 09.01.21); Two Properties, Ltd., 2:21-cv-00184 (N.D. Tex. 09.01.21); Kelso v. RSBZ, LLC, 2:21-cv00183 (N.D. Tex. 09.01.21); Kelso v. WH AMA 2300 S Georgia, LP, 2:21-cv-00185 (N.D. Tex. 09.01.21); Kelso v. Peerless Tyre Co., 2:21-cv-00182 (N.D. Tex. 09.01.21); Kelso v. Vi, 2:21-cv-00181 (N.D. Tex. 09.01.21); Kelso v. JPL Properties, LLC, 2:21-cv-00177 (N.D. Tex. 09.01.21); Kelso v. KPMV, LLC, 2:21-cv-00178 (N.D. Tex. 09.01.21); Kelso v. MBSB NV-TX Holdings, LLC, 2:21-cv-00179 (N.D. Tex. 09.01.21); Kelso v. Wilson, 2:21-cv00176 (N.D. Tex. 09.01.21); Kelso v. Family Dollar Stores, Inc., 2:21-cv-00174 (N.D. Tex. 09.01.21); Kelso v. Foot Spa, 2:21-cv-00175 (N.D. Tex. 09.01.21); Kelso v. John R. Archer Investments, Inc., 2:21-cv-00172 (N.D. Tex. 09.01.21); Kelso v. Amarillo Paint & Supply, LLC, 2:21-cv-00171 (N.D. Tex. 09.01.21).

Defendant's Motion to Dismiss
Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
And Motion for More Definite Statement
(Kelso v. Reid's Appliance)
Page | 2

reproductions of the other lawsuits he has filed which rely on photographs taken at some unknown time after Kelso allegedly went to REID'S APPLIANCE SERVICE, INC. Upon information and belief, Kelso's Complaint is nothing more than a cookie cutter form that he and/or his attorney have used in at least the fifteen (15) other lawsuits.

6. Additionally, neither Plaintiff nor his attorney ever contacted Defendant to raise concerns regarding the alleged ADA defects in order to provide a good faith effort to address Plaintiff's concerns regarding the alleged ADA defects or to provide a good faith effort to address Plaintiff's concerns. Instead of giving Defendant an opportunity to correct alleged deficiencies, Plaintiff filed the Original Complaint seeking attorney's fees in addition to other non-monetary relief.

## ARGUMENT AND AUTHORITIES

I. **Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1).**

7. Kelso lacks subject matter jurisdiction, and Defendant seeks relief under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

8. Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and federal statutes. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Under Rule 12(b)(1), a case is "properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n Inc. of Miss. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Standing and ripeness are essential components of federal subject matter jurisdiction. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).

9. A court may consider the following to determine subject matter jurisdiction: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record;

Defendant's Motion to Dismiss
Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
And Motion for More Definite Statement
(Kelso v. Reid's Appliance)
Page | 3

or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413.

10. To have Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly…allege facts demonstrating each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

11. Title III of the ADA limits a plaintiff "to injunctive relief, and a restraining or other similar order." *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997) (citing 42 U.S.C. § 12188). A plaintiff seeking equitable relief must show that there is a real and immediate threat of repeated injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Even if a plaintiff suffered past injures, he must show a real or immediate threat that he will be wronged again. *Id.* at 111. Under this standard, Kelso's assertion of a vague intent to return to Defendant's property is not enough. "Such 'some day' intentions—without any description of concrete plans, or even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (internal quotations omitted). The law is clear—Kelso does not have standing here.

12. Kelso has not offered sufficiently clear facts to establish that he has suffered a past injury in-fact when he allegedly visited Defendant's property. No time stamp was furnished on Kelso's photographs, and it is unclear by Kelso's pleadings when he visited the property formerly occupied by Defendant. Kelso has also failed to provide any controverting evidence that REID'S APPLIANCE SERVICE, INC. was open when he allegedly visited. Thus, there is no way for

Defendant's Motion to Dismiss
Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
And Motion for More Definite Statement
(Kelso v. Reid's Appliance)
Page | 4

Defendant to verify if Kelso attempted his visit during the business' regular business hours. In addition, simply alleging that Defendant was open is not enough. When determining a factual attack under Rule 12(b)(1), no presumptive truthfulness attaches to Kelso's allegations, and disputed material facts should not prevent a court from determining the merits of a jurisdictional claim. *Williamson*, 645 F.2d at 413. Kelso must submit evidence to sustain his burden of proof. *Superior*, 778 F.3d at 504. Since Kelso has failed to provide evidence that REID'S APPLIANCE SERVICE, INC. was open, he has not demonstrated that he suffered a past injury.

13. In addition, Kelso has also failed to satisfy the future-injury standing requirement articulated in *Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011). In *Frame*, plaintiffs who depended on motorized wheelchairs sued the City of Arlington, alleging that the city had built and altered sidewalks that were not accessible to them, in violation of the ADA. *Id.* at 221. The Fifth Circuit held that the plaintiffs did not need to actually use the sidewalks to have standing. *Id.* at 235-36. Instead, the plaintiffs could show an actual or imminent injury if they showed that the ADA violation would actually affect them in a concrete way. *Id.* The plaintiffs in *Frame* established standing because the "alleged in detail how specific inaccessible sidewalks negatively affect their day-to-day lives by forcing them to take longer and more dangerous routes to their destination. *Id.* at 236.

14. In this case, Kelso has failed to offer evidence on this issue. Thus, the issue must be determined on the basis of the allegations alone. *Lujan*, 504 U.S. at 561. Kelso's allegations are not nearly as specific as those in *Frame*. Kelso's only allegations regarding future injury are that "Plaintiff intends to return to REID'S APPLIANCE SERVICE, INC." and, specifically, that "[n]ot being able to patronize local shops and stores negatively impacts Plaintiff in his day-to-day life." (Compl. ¶ 28). Notably, Kelso provides no description of concrete plans to return to REID'S

Defendant's Motion to Dismiss
Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
And Motion for More Definite Statement
(Kelso v. Reid's Appliance)
Page | 5

APPLIANCE SERVICE, INC. nor of what services he is/was seeking from REID'S APPLIANCE SERVICE, INC., which as its name suggests is a business is an appliance repair store. The Fifth Circuit has held that having "some day" intentions, "without any description of concrete plans," does not support standing. *Frame*, 657 F.3d at 235. Additionally, REID'S APPLIANCE SERVICE, INC. no longer occupies the property at issue in Plaintiff's suit but instead had relocated its business to the Shops at Wolflin Square which has none of the issues alleged in Plaintiff's suit and thus Plaintiff will have no difficulties in visiting Defendant's business should he really so desire.

15. There are no specific words that distinguish "some day" intentions from concrete plans. *Order Granting Motion to Dismiss, Martinez v. McDonald's Corp.,* 2:21-cv-00173 (N.D. Tex. Amarillo Div.). However, courts look to context to determine the issue. *Id.* In *Lujan*, the Supreme Court rejected claims based on enjoyment of endangered species where that enjoyment required travel halfway around the globe and the plaintiffs had no imminent plans to go. 504 U.S. at 564. On the other hand, testimony that the plaintiff lived in proximity to the place to be visited (a polluted river), along with frequent desires to make specific use of the place (fishing, camping) did support standing in an environmental case. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 181-82 (2000). Similarly, in the context of the ADA, frequent visits to a grandparent and wanting to use the nearby grocery store supported standing to complain of architectural barriers. *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 113, 1137-38 (9th Cir. 2002).

16. Here, although Kelso has alleged that he resides in Amarillo but has not alleged specific plans to visit REID'S APPLIANCE SERVICE, INC. in the future, or even what reason he has for visiting REID'S APPLIANCE SERVICE, INC. An allegation of intent to revisit REID'S

Defendant's Motion to Dismiss
Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
And Motion for More Definite Statement
(Kelso v. Reid's Appliance)
Page | 6

APPLIANCE SERVICE, INC. without specific, concrete plans to do so is nothing more than a "someday" allegation, which is insufficient on its face to support standing. Having offered no allegations or evidence with greater specificity, the Complaint is insufficient to support standing for this action.

17. Because there is no evidence that the alleged ADA violations affect Kelso's projected activities pertaining to REID'S APPLIANCE SERVICE, INC. in a concrete way, Kelso has failed to show any likelihood of future injury. Consequently, the Court lacks subject matter jurisdiction.

## II. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).

18. "There are three requirements under the justiciability doctrine – standing, ripeness, and mootness that go to the heart of the Article III case or controversy requirement." *Zinni v. ER Solutions, Inc.* 692 F.3d 1162, 1166 (11th Cir. 2012) (quoting *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011)). The Supreme Court "has explained 'a federal court has no authority to give opinions upon moot questions…'" *Id.* (quoting *Church of Scientology of Cal. V. United States*, 506 U.S. 9, 12 (1992)). The Supreme Court has "defined mootness as the doctrine of standing set in a time frame: [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue through its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (internal quotations omitted).

19. "A case becomes moot – and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) ("Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'"). In cases involving alleged ADA violations, courts have found that a

Defendant's Motion to Dismiss
Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
And Motion for More Definite Statement
(Kelso v. Reid's Appliance)
Page | 7

defendant's voluntary remedial effort will render moot the relief sought in the litigation under certain circumstances, including voluntary cessation of alleged offensive conduct. *See Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005). "[T]he only remedy available for a violation of the ADA under a private right of action is injunctive relief; if no ADA violations exist at the time the court is asked to provide injunctive relief, the ADA claim is moot." *Heatherly v. Malika*, No. C-11-04-125 DMR, 2013 WL 5754106, at *1 (N.D. Cal. Oct. 23, 2013). "A federal court must order dismissal for mootness if the controversy ends prior to a decision even if a justiciable controversy existed when the suit began." *Citizen Ctr. v. Gessler*, 770 F.3d 900, 906 (10th Cir. 2014) (emphasis added).

20. Kelso's Complaint vaguely alleges that the Subject Property has "no ADA compliant Van-accessible spaces on the shortest access route to the business". (Compl. ¶ 14). The Complaint also alleges that there are "several disabled parking signs are missing." *Id.* In support of his allegations, Kelso included within his Complaint two (2) pictures of the Subject Property which is no longer occupied or used by Defendant.

21. Defendant was unaware of any complaints or compliance issues with the parking at the Subject Property until it was served with the Complaint.

### III.     Motion to Dismiss Under the Federal Rule of Civil Procedure 12(b)(1)

22. Alternatively, to the extent that the Court does not dismiss Kelso's claims at this time, Defendant respectfully requests that the Court order Kelso to re-plead in accordance with Federal Rule of Civil Procedure 12(e) in order to address the deficient information complained of.

23. Kelso's Complaint is too vague for Defendant to fully and completely respond. Kelso has failed to clearly plead sufficient facts to support each element of his cause of action. Further, Kelso has failed to offer evidence of the reason for his alleged visit to REID'S

Defendant's Motion to Dismiss
Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
And Motion for More Definite Statement
(Kelso v. Reid's Appliance)
Page | 8

APPLIANCE SERVICE, INC., the time and date that he allegedly went to REID'S APPLIANCE SERVICE, INC., and specific, concrete facts regarding his intent to return to REID'S APPLIANCE SERVICE, INC.

## PRAYER

24. WHEREFORE, PREMISES CONSIDERED WEST TEXAS INSURANCE AGENCY respectfully requests that this Court GRANT its Motion to Dismiss for Lack of Subject Matter Jurisdiction, dismiss Plaintiff's claims, and award Defendant its costs and attorney's fees as provided by law. Alternatively, Defendant respectfully requests that this Court GRANT its Motion for More Definite Statement, and for such other and further relief to which Defendant has shown itself justly entitled to receive.

Respectfully submitted,

UNDERWOOD LAW FIRM, P.C.
W. Wade Arnold
State Bar No. 00783561
wade.arnold@uwlaw.com
P.O. Box 9158
Amarillo, Texas  79105
(806) 376-5613
Fax:  (806) 379-0316

By:    /s/ W. Wade Arnold
       W. Wade Arnold

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May, 2022, a true and correct copy of the above document was served via the Court's ECF system on all counsel of record.

/s/ W. Wade Arnold
W. Wade Arnold

Defendant's Motion to Dismiss
Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)
And Motion for More Definite Statement
(Kelso v. Reid's Appliance)
Page | 9